## Johnson *et al.* v. Jones *et al.*

1. The act of 1885, amending §4185 of the code, providing for service of certain proceedings by publication, is unconstitutional, because it "contains matter different from what is expressed in the title thereof."

2. A deed without witnesses is legal and binding between the parties thereto and those claiming under them as mere volunteers.

3. Where defendants residing in another State were not served by publication according to law, and at the proper time filed a plea to the jurisdiction of the court upon this ground, and it appearing that such plea was true in fact, it was error to overrule the same.

March 23, 1891.

Service. Constitutional law. Deeds. Practice. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1890.

The petition of the executors of the estate of John Jones alleged that a deed had been made conveying certain land to D. F. Hammond and Robert Baugh as tenants in common; that afterwards Baugh sold to Hammond his half-interest, and executed and delivered to Hammond his deed, which deed was not witnessed by any one; that afterwards Hammond made to John Jones a deed conveying the property, and John Jones died leaving a will devising the property for life to his wife, and directing that after her death, it be sold by petitioners at private or public sale; that Mrs. Jones had relinquished her life-interest and agreed to accept in lieu thereof the interest on the proceeds of the sale, and had requested petitioners to sell the property under the will; that Baugh had died, leaving a will by which Mrs. Johnson was made the sole legatee and executrix; that she had died, and one afterwards appointed administrator of Baugh's estate had, after fully administering, been discharged; and that the conveyance by Baugh to Hammond could not be legally recorded, and being imperfectly executed, affected the sale of the property and was a cloud on the title; and the petitioners asked for a decree declaring the title to be in the estate of John Jones or his legatees, and that they might, as executors, be authorized to sell the property, etc. The defendants were Hammond, Mrs. Jones and the children of Mrs. Johnson. The children of Mrs. Johnson resided out of the State, and the only service upon them

was by publication under the act of October 15, 1885. They pleaded that the act was unconstitutional, referring to more than one subject-matter and containing matter different from what is expressed in its title; and they moved to dismiss the suit for want of legal service. Their motion was overruled.

The court admitted in evidence, over defendants' objection, a writing purporting to be a conveyance from Baugh to Hammond, after proof was made that the signature was that of Baugh. This instrument was written upon the back of the deed by which title was conveyed to Hammond and Baugh, and was to the effect that, for certain good considerations, Baugh had, upon the date stated, relinquished and quit-claimed to Hammond, his heirs and assigns, the land "known as the Sharp lot" described in the foregoing deed. In the deed referred to the property was fully described, and it was stated that it was known "as Sharp's lot." The objection to the evidence was, that the writing in question was not a deed and was not witnessed as required by law, and that plaintiffs could not introduce evidence as to the handwriting, because if it were a deed and had witnesses, the witnesses were the only persons of whom the handwriting could be proved, in their absence.

The plaintiffs having put in evidence the deed to Hammond and Baugh, that from Baugh to Hammond, that from Hammond to Jones, and the will of Jones, and having shown that the property described in the deeds was that described in the will, and that counsel who appeared on the other side represented the Johnson children and was informed but did not know that Mrs. Johnson was dead, under direction of the court the plaintiffs took a verdict and decree in their favor, reciting that the conveyance by Baugh to Hammond was a good conveyance of Baugh's interest, that neither Baugh nor any person claiming under him had any in-

terest in the property, that the deed from Hammond to Jones conveyed the whole of the property to Jones, that the title was in the estate of Jones, and that the executors be authorized to sell the property at private or public sale, etc.   The defendants excepted.

Robert L. Rodgers, for plaintiffs in error.
T. P. Westmoreland, *contra.*

Lumpkin, Justice.

1. An act was approved October 15th, 1885 (Acts of 1884–5, pp. 56, 57), the title of which declared that it was an act to amend section 4185 of the code by adding after the words "four months" therein, the following words: "which order to perfect service may be granted by the judge in vacation." This is all the amending act, by its title, proposed to do to the section mentioned, viz. simply to insert the quoted words in the section at the place designated. In the body of the act it is enacted that these words shall be so added, and the act then proceeds to assert that the original section, when so amended, shall read a certain way. The difficulty about it is, that the section, when so amended, does *not* read that way, but on the contrary, the words, "twice a month for two months," are substituted for the words, "once a month for four months," occurring in the section. No hint is given, either in the title of the act or in the enacting part thereof, that this change or substitution will be made. Indeed, the act does not anywhere directly declare that such change shall be made; it only incorrectly says that such a change shall result from introducing certain words into the section. Therefore, as the title expresses distinctly, explicitly and unequivocally the precise words which shall be added to the section to be amended, and the body of the act, in the indirect manner indicated, makes another and entirely distinct and important change in the sec-

tion, it follows inevitably that the act "contains matter different from what is expressed in the title thereof," and this the constitution plainly forbids. Code, §5067. An examination of the act, in connection with this section of the code, will readily disclose the defect herein discussed.

2. The only question disclosed by the record which can be of any consequence to the plaintiffs in error is, whether or not a deed having no witnesses is good between the parties thereto, and conveys title from the grantor to the grantee. This question has been virtually settled by this court in the cases of *Downs* v. *Yonge*, 17 *Ga.* 295, and *Gardner, Dexter & Co.* v. *Moore, Trimble & Co.*, 51 *Ga.* 268. In the first case it was held that a deed with only one witness was good between the parties; and in the second, that a mortgage of real estate with only one witness was likewise good. The reasoning in those cases is conclusive that a deed or mortgage of realty without witnesses would be good as between the parties themselves, or those claiming under them as mere volunteers. On the same line, it was held in *Marable* v. *Mayer, Son & Co.*, 78 *Ga.* 60, that a mortgage on personalty was good, as between the original parties, without any witness at all. If the deed in the case before us, which had no witnesses, was valid and binding to the extent stated, it follows, as the facts of this case show, that the plaintiffs in error have no interest whatever in the property covered thereby.

3. It appears, however, that they were never legally served. Being non-residents of the State, service was attempted by publication twice a month for two months, instead of once a month for four months, as required by section 4185 of the code. It is obvious that service was sought to be perfected in this manner under the impression that the act mentioned in the first head-note was constitutional. This, we have shown, is not the

case, and therefore the service amounted to nothing. The plaintiffs in error filed in the court below their plea to the jurisdiction for want of legal service, which plea the court overruled, and we are therefore constrained to reverse the judgment on this ground. The facts disclosed on the trial of the case cannot possibly be changed upon another hearing, and these parties could accomplish nothing even if they were legally served.                    *Judgment reversed.*