(Decided March 25th, 1896.)

---

# THE STATE OF MARYLAND *vs.* THE SCHULTZ GAS FIXTURE AND ART METAL COMPANY.

*Constitutional Law—Title of Statute—Bonus Tax on Increase of Capital Stock of Corporations.*

The title of the Act of 1890, chap. 536, is to add a new section to the Code, &c., "providing for the payment by every newly incorporated company of a bonus on its capital stock." In the body of the Act, in addition to the imposition of a tax upon corporations thereafter created, it was enacted that a bonus tax should be paid upon every increase of the capital stock of corporations previously created. *Held*, that since the title restricts the operation of the Act to newly created corporations and gives no notice that existing corporations are to be included, so much of it as imposes a tax on the increase of the capital stock of corporations created prior to January 1, 1890, is void because in violation of the Constitution, Art. 3, sec. 29, which provides that the subject of every law shall be described in its title.

Appeal from the Court of Common Pleas. The case was tried before the Court below (DOBLER, J.) upon an agreed statement of facts which are set forth in the opinion of the Court.

The cause was argued before McSherry, C. J., Bryan, Briscoe, Page, Roberts, Boyd and Russum, JJ.

*Robert Ludlow Preston* (with whom were *J. Alexander Preston, Alexander Preston* and *C. Baker Clotworthy* on the brief ), for the appellant.

*Joseph C. France* for the appellee.

Russum, J., delivered the opinion of the Court.

The General Assembly, at its January session, 1890, (ch. 536), passed an Act, entitled " An Act to add a new section to Article eighty-one of the Code of Public General Laws, title ' Revenue and Taxes,' sub-title 'Payment of Taxes by Corporations,' providing for the payment by every newly incorporated company of a bonus on its capital stock, for the use of the State, to come in after section eighty-eight, and to be designated as section eighty-eight A." In the body of the Act it is provided that " every corporation incorporated since January 1, 1890," except cemetery companies and companies formed for purely charitable and benovolent purposes, and railroad companies, shall pay to the State Treasurer, for the use of the State, a bonus of one-eighth of one per centum upon the amount of the capital stock which said company is authorized to have, in two equal instalments, and a like bonus upon any subsequent increase thereof; the first instalment to be due and payable upon. the incorporation of such company or on the increase of its capital, and the second instalment one year thereafter ; the exercise of any corporate powers being prohibited until the first installment of said bonus has been paid to the Treasurer of the State. The concluding portion of the Act is in these words : " Whenever the capital stock of any of said companies, or any company of like character heretofore incorporated shall be increased, a bonus of one-sixth of one per centum upon the amount of said increase shall be paid to the State Treasurer in two equal installments, the first to

be due and payable upon the recording of the certificate of
such increase, or upon the passage of any special Act au-
thorizing such increase, and the second installment shall be
due and payable one year thereafter." This Act took effect
from its passage, and was approved April 8th, 1890. The
State of Maryland brought suit against The Schultz Gas Fix-
ture and Art Metal Company in the Court of Common Pleas
of Baltimore City, to recover the bonus of one-sixth of one
per centum upon the *increase* of its capital stock to the
amount of two hundred thousand dollars, and the case was
tried before the Judge at Large, upon an agreed statement
of facts, and without the intervention of a jury. By the
admitted facts in the case, it appears that " The Schultz Gas
Fixture and Art Metal Company " was a corporation exist-
ing prior to January 1st, 1890, and that pursuant to its
charter an increase of its capital stock was ordered to the
amount of $200,000, and that the certificate of such increase
was recorded on the 30th day of December, 1890, of which
increase only $35,000 was actually issued ; that the defend-
ant had paid no part of the bonus on such increase, but had
refused and still refuses to pay said tax, and that, if it was
liable for said tax, the whole amount was due and payable.
The plaintiff requested the Court to rule, as a matter of law
from these facts, that it was entitled to recover one-sixth of
one per centum on the amount of increase of defendant's
capital stock, set out in said recorded certificate, which the
Court refused to do ; to which refusal the plaintiff excepted
and, the verdict and judgment being entered for the defend-
ant, the plaintiff appealed to this Court. The principal
question presented by this appeal is the constitutionality of
so much of the Act of 1890, ch. 536, as imposes a tax of
one-sixth of one per centum on the increase of the capital
stock of corporations created and existing prior to January
1st, 189c.

The 29th section of Article 3 of the Constitution of this
State declares that " every law enacted by the General As-
sembly shall embrace but one subject, and that shall be

described in its title." This provision of the Constitution has frequently been considered by this Court, and the evils which it was intended to correct and the object designed to be attained fully discussed. In *Scharf, Commisr., &c.*, v. *Tasker*, 73 Md. 383, the rule to be applied to the construction of statutes is thus laid down : " The invariable rule has been that whilst the title need not contain an abstract of the bill, there must be no foreign, irrelevant or discordant matter introduced into the body of the statute. Such matter will be rejected, if other sections of the Act can stand without it, but if the Act is composed of a number of discordant and dissimilar subjects, so that no one could be clearly recognized as the controlling subject, the whole Act would be void." All the provisions of the Act must fairly relate to the same subject, have a natural connection with it, or be the incident or means of accomplishing it. It was contended by the appellant that the only subject mentioned in the title, and the only subject embodied in the Act itself, is the payment of taxes by corporations, and that the words " newly created," as used in the Act, can refer as well to corporations in existence *at any time* prior to the date of the passage of the Act, as to corporations created subsequent thereto. With this contention we cannot agree. The Act in question is entitled " An Act to add a new section to Article eighty-one of the Code of Public General Laws, title ' Revenue and Taxes,' sub-title ' Payment of Taxes by Corporations,' " and if it had declared its object to be to " provide for the payment by corporations of a bonus on their capital stock for the use of the State," &c., the contention of the appellant would have had much force. But, instead of doing this, after giving notice of its general purpose of amending the Code of Public General Laws, declares its object to be to provide " for the payment by every *newly created* company of a bonus on its capital stock for the use of the State, to come in after section eighty-eight, and to be designated as section eighty-eight A." All necessity for the construction as to the meaning of the word " *newly* " is removed by

the body of the statute, which limits its operation to " Every corporation incorporated since January 1st, 1890." The title restricts the subject of the Act to " *newly created*" *corporations*, and expresses nothing which carries notice, in any way, of an intention to include the subject of the increase of their capital stock by corporations created and existing prior to the passage of the Act.    It not only failed to express any such intention, but by limiting the notice of its contents to " newly created" corporations, it diverted attention from the matter contained in the body of the statute, relating to corporations then existing.    Inasmuch as the Act was complete for all the purposes expressed in the title, without any reference to corporations existing prior to its passage, the probability is that so much of it as refers to such corporations was an amendment placed on the bill after its original preparation.    As to such corporations, the title is not only defective but misleading, and we are, therefore, of opinion that so much of the Act of 1890, ch. 536, as imposes a tax on the increase of the capital stock of corporations existing prior to January 1st, 1890, is unconstitutional, and that the appellee is not liable for the tax of one-sixth of one per centum on the increase of its capital stock.    The case of the *Roland Park Co.* v. *The State*, 80 Md. 448, relied on by the appellant, is not in conflict with this conclusion.    That case simply decides that there is no reason for limiting the application of this Act to such corporations as were formed between January 1st, 1890, and the date of the approval of the Act, a period of three months and eight days.    And, reference is made to the fact that the Act taxed corporations existing prior to January 1st, 1890, on the increase of their capital stock, for the single purpose of showing that the intention of the Legislature was that the Act should be an integral part of a revenue system, and the only point decided was that the Act was applicable to all corporations formed after January 1st, 1890, except those specifically excluded.    The question whether the General Assembly had expressed that intention in the manner required by the

Constitution, which is the question in this case, was not raised or considered in that case.

The question as to whether the Act unlawfully discriminates between corporations existing prior to January 1st, 1890, and those created after that date; and whether there is such uncertainty—whether the amount of *actual* increase or the amount of *authorized* increase is to be taken as the basis of the tax—as to relieve the appellee from liability, we need not now decide.    Finding no error in the ruling of the Court below, the judgment will be affirmed with costs.

*Judgment affirmed.*

(Decided March 25th, 1896).