(December 18, 1897.)

## HEWITT v. MAIZE.

[51 Pac. 607.[

CONTRACT FOR WORK AND MATERIALS—NONSUIT—VARIANCE BETWEEN PLEADINGS AND PROOFS.—H. made a contract to perform certain work and supply certain materials for three defendants. The contract was made with defendant M.  On the trial the other two defendants consented to the taking of judgment against them. After the conclusion of plaintiff's evidence the counsel for the defendant moved for a nonsuit, on the ground of variance between the pleadings and proofs, the district court overruled the motion for a nonsuit, and, defendant declining to put in any evidence, judgment was rendered in favor of plaintiff against defendant M. *Held*, that under the statutes of Idaho the action of the district court was correct, especially as the acts of defendant were calculated to lead plaintiff to the belief that defendants were jointly interested in the contract.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Lyttleton Price, for Appellant.

The court erred in refusing to grant a nonsuit. The plaintiff not only failed to prove the cause of action declared upon, but utterly denied that he had such a cause of action. He attempts to prove a claim against Maize individually for the whole sum which, in his complaint, he declares was due him from Maize and G. W. Venable and Susie Venable, jointly. All his evidence as to the sole liability of Maize was inadmissible. The proofs offered were not directed to the issue presented in the pleadings. (Hayne on New Trial and Appeal, pars. 115-119, and the cases there cited.) The entry of judgment against Maize alone for the full amount demanded against him and two others jointly is error. (1 Freeman on Judgments, par. 43, and cases cited.) By taking judgment against one he merges the cause of action as to that one, and puts it out of his power to claim anything against the others severally or all combined. (*People v. Harrison,* 82 Ill. 84; *Sessions v. Johnson,* 95 U. S. 347; *United States v. Ames,* 100 U. S. 35; *Wilson v. Buell,* 117 Ind. 315, 20 N. E. 231; *Ferrall v. Bradford,* 2 Fla. 508, 50 Am. Dec. 293; *Jameson v. Barber,* 56 Wis. 630, 14 N. W. 859; Freeman on Judgments, pars. 231, 232, and cases cited.)

A. F. Montandon, for Respondent.

On the assumption that the testimony shows a single contract and not a joint obligation, it would establish a variance, and all the objections of appellant in the court below were based upon that ground. But again our statute modifies the common law, and makes it fatal only when the variance is material and actually misleads the adverse party to his prejudice. Section 4225 of our code says: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." And section 4226: "Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs." (*Lewis v. Clarkin,* 18 Cal. 399; *Stoddart v. Van Dyke,* 12 Cal. 438; *People v. Frisbie,* 18 Cal. 402.)

HUSTON, J.—The plaintiff brought his action against the three defendants upon an alleged joint contract for the performance of certain labor, in the construction of three water wheels and certain other work. The first paragraph of plaintiff's complaint is as follows: "The plaintiff complains, and alleges that about the first day of May, 1895, plaintiff and defendants entered into an agreement whereby plaintiff agreed to construct three certain water wheels, to construct and repair the fences, and to construct a privy upon the land and farm hereinafter described, and to furnish certain materials for the same, said defendants to furnish certain other materials; and said defendants agreed to pay him for the same, first, the value of the materials to be furnished by plaintiff, and the value and compensation per day for each day employed in the performance of the labor and construction aforesaid. And plaintiff avers that he worked upon said wheels, fences and privy under said agreement, and furnished material thereunder, and has fully kept and performed the said agreement in all things to be by him kept and performed; but the said defendants have not paid him therefor, nor any part thereof." The complaint then proceeds to allege the performance of the labor, and the furnishing of certain materials, and claims judgment therefor in the sum of $256.69 against defendants. It seems plaintiff attempted to file a mechanic's lien, but failed in establishing it, and that part of the complaint was abandoned. A general demurrer to the complaint was filed by defendant Maize, which was overruled. The defendant Maize then filed his separate answer to the complaint of plaintiff. The first paragraph of the said answer is as follows: "Comes now the defendant H. B. Maize, and answers the plaintiff's complaint as follows: Said defendant denies that about the first day of May, 1895, or at any other time, this defendant entered into any agreement whereby plaintiff agreed to construct three certain wheels, to construct and repair the fences, and to construct a privy upon the land described in the complaint, or to do or perform any of the things alleged upon the described lands and premises, or upon any premises, or that this defendant ever entered into any contract or agreement with plaintiff to do anything whatever, or that plaintiff ever kept or fulfilled said al-

leged or any contract or agreement, or that this defendant is indebted to plaintiff for the said alleged work and material, or for anything whatever in any sum whatever"—and also adds general denials of all the averments of the complaint as applicable to himself; i. e., defendant Maize does nôt deny the making of the contract as alleged in the complaint, but denies that he individually made such contract. The defendants George W. Venable and Susie Venable file the following paper: "Defendants George W. Venable and Susie Venable hereby consent that a judgment may be entered against them in above-entitled court and cause, conformable to plaintiff's complaint." Upon the trial, plaintiff testified to the making of the contract for the alleged work by defendant Maize, with him, the performance of the work by him, and that the same was done upon the ranch or premises occupied by Maize. In the progress of the trial the following question was put to the plaintiff upon his cross-examination by counsel for defendants: "Q. What, if anything, had Mr. Venable to do with your work on that ranch, and the material you furnished there? A. Nothing, that I know of. Q. Was he in some way to be liable for what you did, besides Mr. Maize? A. In no way, that I know of, only from hearsay; and I didn't suppose you would care anything about that. Mr. Maize told me that Mr. Venable had got an interest in the ranch. Q. Did Mr. Venable at any time say anything as to the payment for the services and the material furnished? A. He spoke to me about the time I was quitting work there. Q. About the time you were quitting work? A. Yes, sir; some time in July. The blacksmith was getting anxious about his pay, and Mr. Venable said, 'The blacksmith spoke to me,' and I spoke to Mr. Venable about it, and I said the blacksmith bill had never been paid; and he said 'Never mind,' he would see to that." Again, plaintiff was asked: "Q. Did you make an agreement with G. W. Venable, Mr. Maize, and Susan Venable to do this work? A. No, sir."

To the candid, unprejudiced mind, these facts are conclusively shown by the record: 1. That the work alleged to have been performed by the plaintiff was performed by him; 2. No question is raised as to the value as charged; 3. That plaintiff performed said work, and supplied the materials, at the request

of defendant Maize; 4. That defendant Maize received, and still retains, the benefit of such work. But we are told that plaintiff is not entitled to recover against Maize, because his complaint alleges a cause of action against Maize and the Venables jointly; and, although the Venables consent to the taking of judgment against them by plaintiff, yet plaintiff cannot recover against the defendant Maize. This contention is based upon the fact, as shown by the record, that, at the close of the evidence on the part of the plaintiff, defendant moved for a nonsuit, which is as follows: "Counsel for the defendant Maize thereupon moved for a nonsuit in the said cause, on the ground that the plaintiff bases his cause of action on a contract alleged to have been made with Maize and two other persons, to wit, George W. Venable and Susan Venable to do certain work; and on the stand, as a witness, he not only fails to prove any such agreement, but utterly denies that there was any. The plaintiff testifies, further, that Maize sent him off, and refused to permit him to work longer; that plaintiff came to Hailey, and reported to George W. Venable, and afterward took an order from George V. Bryan to Maize, which he says was an order to board plaintiff while he continued work there. It therefore appears from his testimony that he did not look upon Maize as his employer upon any contract, express or implied, and also that he had no contract with any other persons, jointly with Maize or otherwise. Whereupon the court overruled the said defendant's motion for a nonsuit, to which the said defendant then and there duly excepted." The court overruled the motion for a nonsuit, and, defendant declining to introduce any evidence, judgment was given for the plaintiff for amount claimed, from which judgment this appeal is taken.

Appellant contends that, because the complaint alleges a cause of action against defendant Maize and the Venables jointly, and the proofs showed a several liability against defendant Maize, therefore his motion for a nonsuit should have been allowed. We cannot consent to this contention. The authorities cited by appellant do not, it seems to us, sustain his position. *People v. Harrison,* 82 Ill. 84, was an action upon a joint and several guardian's bond. The court held in that case that "a recovery

against one of several persons who are jointly liable for the payment of a debt, or the discharge of a legal liability, releases the others, and forms a complete bar to a recovery at law against them." It does not appear that Illinois has the same or similar statutes to those of Idaho, viz., sections 4351, 4354, and 4225 of the Revised Statutes of Idaho. We fail to see the application. The other cases cited by the appellant are in our view as little applicable. Section 4225, Id., provides that "no variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." The evidence in the record shows that plaintiff supposed the defendants were jointly liable, and he was induced so to believe by the statements and acts of all of the defendants. Section 4351 of the Revised Statutes of Idaho, provides: "Judgment may.be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." It was palpably the purpose of the code to change entirely the common-law rule in this class of cases. The supreme court of California, in *Lewis v. Clarkin,* 18 Cal. 399, a case very similar to the one at bar upon facts, and under a statute identical with that of Idaho, say: "If A enter into a contract on the behalf of himself and B, and a suit is afterward brought upon it against both, the injustice of permitting the former to take advantage for his own benefit of the absence of liability in the latter will ·hardly be questioned; and such a case would seem to be, not only within the letter of the statute, but peculiarly within its spirit and meaning." We have examined all the cases cited by appellant's counsel; that is, all that we could find. In several instances, however, we were unable to find the cases cited in the volumes designated, and time would not permit of a. voyage of discovery. It is not entirely safe ever to rely upon the footnotes of any text-writer for authorities. The judgment of the district court is affirmed, with costs.

Sullivan, C. J., and Quarles, J., concur.