ARMISTEAD *et al. v.* KARSCH *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

DENNY, LEFTWICH & GLASGOW, of Nashville, for appellants.

E. C. YOKLEY, City Attorney, of Nashville, for Civil Service Commission.

WILLIAMS, CUMMINGS & WEST, of Nashville, for Ruth Franklin and others.

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for S. C. Ritter and others.

140

MR. JUSTICE BURNETT delivered the opinion of the Court.

The validity of Chapter 348 and Chapter 604 of the Private Acts of 1949 is attacked in this case on the ground that the Acts contain two subjects in violation of Section 17, of Article II, of the Constitution.

The caption of Chapter 348 is: "An Act to amend Chapter 246, Private Acts of 1947, being An Act entitled:" Then follows the caption of Chapter 246 of the Private Acts of 1947. Then the following: "so as to consolidate certain pension funds of the City of Nashville, fix the contributions of employees thereto, and to provide certain benefits for widows of pensioned employees."

The 1947 Act which is being amended by Chapter 348 of the 1949 Act is the Charter of the City of Nashville and as carried in the 1947 Act comprises over 300 pages of that Act and covers all features of a modern municipal government.

The body of Chapter 348 of the Act under attack attempts to strike Section 10 of Article 48 of the 1947 Act

in its entirety and insert in lieu thereof a rather comprehensive Act toward pensioning "widows of pensioned employees, also widows of employees who were not pensioned at the time of the employee's death and to dependent mothers and where the employee leaves no widow but to minor children under 16 years of age." Thus it becomes rather obvious at the outset that the portion of Chapter 348 attempting to point out what is to be done by this amendment is far exceeded in the body of the Act.

The present suit was brought under our Declaratory Judgment law, Section 8835 et seq. of the Code of Tennessee. The Chancellor held Chapter 348 constitutional as to two intervenors, they being a widow of a pensioned employee and a widow of a nonpensioned employee. He based this decision on our recent case of *Davidson County* v. *Elrod*, 191 Tenn. 109, 232 S. W. (2d) 1. He in effect held that various other provisions in the body of the Act as to mothers and minor children etc., might be elided, and, that these provisions were not necessary of consideration because no parties thus interested in the controversy were before the court and consequently a justiciable issue was not presented. He held as to Chapter 604, in a memorandum, that said Act was unconstitutional but in the decree he pretermitted any decision on this Act because no one was before the court who was thus interested in the enforcement or non-enforcement of the Act. He was of the opinion, therefore, that no justiciable issue was presented.

The caption of an Act is ordinarily looked to as the sign post or guide to the Legislature, and others who might be interested in the matter, to see what the general subject of the legislation is to be in the body of the Act. So long as his sign post or guide sufficiently points out the general subject to be considered, then if the body of

the Act is germane to the caption, even though it covers a number of provisions and other things not mentioned in the caption (just so long as they are germane and pertinent to what the caption says is to be done) then the Act does not violate Article II, Section 17, of the Constitution here invoked.

When the Legislature is presented with a caption which says that it is to amend another Act of the Legislature, of course, the Legislature and those interested have notice of what this other Act is because it is in force and spread on the books, but when this amendatory Act goes further and says that the amendment is only to cover certain specified things this is telling the Legislature that now the sign is pointing out to you a certain specific place or direction and that only such specific things will be done by this amendment. When the Act thus amended goes far afield and does things which would not necessarily come under these specific things pointed out, and these other things which are done cannot be elided so as to retain the integrity of the Act, then this is violative of Article II, Section 17 of the Constitution. The obvious reason for this is that when the Act is thus amended, and it is pointed out in the caption that it was doing certain things, the Legislature has a right to accept what is said to be done there as what is embodied in the body of the Act. Of course anyone else interested in the matter has exactly the same right. Thus when the body of the Act goes far afield and introduces things into the body of the Act which are incongruous with the caption of the Act then unquestionably said Act is violative of Article II, Section 17, of the Constitution. *Hays* v. *Federal Chemical Co.*, 151 Tenn. 169, 268 S. W. 883; *Tennessee Electric Power Co.* v.

*City of Chattanooga,* 172 Tenn. 505, 114 S. W. (2d) 441, and other cases there cited.

■■ The restrictive provision in the caption of this Act is: "to provide certain benefits for widows of pensioned employees". The body of the Act goes far beyond this and provides benefits to widows of all city employees and to children and mothers under certain circumstances. Clearly these provisions other than "widows of pensioned employees" should not be embodied in the Act when the Legislature has been led to believe that insofar as this feature of the legislation was concerned that the Act would only "provide certain benefits for widows of pensioned employees". It is perfectly right and proper for us and we judicially know that widows of pensioned employees would be rather few in number while a pension for widows of all city employees could reach rather large proportions and then when it is extended beyond this to certain minor children and dependent mothers the obligations on this fund would run all out of proportion to that as designated in the caption of the Act, that is, to "widows of pensioned employees".

■■ Can we elide the portions of the Act not thus pointed out by the caption and preserve the continuity of the Act? In the first place the doctrine of elision should be applied sparingly and it is not favored. *Edwards* v. *Davis,* 146 Tenn. 615, 224 S. W. 359. May we separate these void portions from the Act under this doctrine of elision and still have an Act which has continuity? It seems to us that an attempt to do so would be making the rest of the Act entirely unintelligible; to do so it would be necessary to go through paragraphs of the Act and blot out certain words and phrases to leave only the provisions as applying to "widows of pensioned employees" the only purpose insofar as this feature

144

of the case is concerned that is pointed out by the caption of the Act. Clearly under the authority of the Elrod case, supra, the provision in reference to widowed mothers and dependent children would have to be elided as not covered by the caption to the Act. We, therefore, conclude that with the omission of the void portions, the Act has no continuity and is unenforceable and therefore violative of Article II, Section 17 of the Constitution. There is not enough left of the Act for a complete law "capable of enforcement and 'fairly answering the object of its passage' ", Elrod case, supra [232 S. W. (2d) 2].

█ It is argued that the limitation phrase used in the caption of the Act "widows of pensioned employees" may be stricken as mere surplusage. Of course if this were stricken the caption of the Act would have a very clear and definite meaning and these words are not particularly necessary to the meaning of the other part of the caption. That, though, cannot be done in the instant case because these words which are now suggested might be stricken as surplusage are the very sign post and directive which the draftsman of the Act told the Legislature would be followed in the body of the Act. When the body of the Act thus went so far beyond this certainly the Legislature could not be presumed to have known these things.

█ Chapter 604 of the 1949 Act which is attacked herein has as its caption only: "An Act to amend Chapter 348, Private Acts of 1949." The body of the Act then provides for striking certain words and phrases in Chapter 348 which we have considered above. Without further comment we think that it is perfectly obvious that since we have held Chapter 348 unconstitutional that then any amendment to an unconstitutional Act would

likewise be of no validity. Of course if a Statute is merely partly unconstitutional but has a title expressing a constitutional objective an amendatory Act may be passed striking out the invalidating portions or provisions and thus making a valid constitutional amendment. *Clay* v. *Buchanan,* 162 Tenn. 204, 36 S. W. (2d) 91. This is not the question here. We have held for reasons satisfactory to us that the entire Act, Chapter 348, Acts of 1949, is unconstitutional. In arriving at this conclusion we have not considered one way or the other, as it does not concern us in this litigation, the merits or demerits of the body of the Act as passed. That is a legislative question and not a judicial one under the case as here presented.

For the reasons above stated we hold that Chapter 348 and Chapter 604 of the Private Acts of 1949 are unconstitutional. The cause will therefore be reversed and dismissed.

All concur.