Robert H. MORROW, Executor of the Estate of Lulu Diefenderfer, deceased, Appellant (Defendant below),

v.

Raymond G. DIEFENDERFER, Sr., on behalf of himself and all others similarly situated, Appellee (Plaintiff below).

No. 3150.

Supreme Court of Wyoming.

Aug. 19, 1963.

Robert E. Holstedt and William K. Archibald, Sheridan, for appellant.

R. G. Diefenderfer, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

A nephew of Alf Diefenderfer, deceased, on behalf of himself and others similarly situated challenged the constitutionality of § 2–47, W.S.1957, after the executor of Diefenderfer's surviving spouse had elected to take under the provisions of the statute in lieu of the will. Plaintiff filed a motion for summary judgment supported by affidavit, and on hearing the trial judge found there was no genuine issue of material fact, concluding as a matter of law that § 2–47 and its predecessors (§ 1, c. 204, S.L. of Wyoming, 1957; § 1, c. 21, S.L. of Wyoming, 1919; § 1, c. 149, S.L. of Wyoming, 1915) were invalid and void because the purported amendments to the statute were not within the purview or germane to the original Act and were contrary to the provisions of Art. 3, § 24, Wyo.Const. The court decreed that neither the defendant, as executor, nor the estate of the surviving spouse, nor her heirs, devisees, or legatees, were entitled to share in the distribution of Alf Diefenderfer's estate. The main question is the sufficiency of the titles to the respective amendments within the constitutional provision.

1915 and 1919 Amendments.

It is unnecessary to determine whether or not the 1915 and 1919 amendments violated the constitutional provision since counsel answers his own challenge by saying that any defects in the title were cured by Wyoming Revised Statutes, 1931, citing 82 C.J.S. Statutes § 274 b (2), which states:

"Although an act is invalid because it was not passed in accordance with constitutional requirements, it may nevertheless become a valid statute on its adoption as part of a code or revision. * * * *"

Actually, this subject did not merit argument since the point was conclusively determined in State v. Pitet, 69 Wyo. 478, 243 P.2d 177, 188, where the court reviewed a similar contention regarding an amendment when the law was later included in the Wyoming Revised Statutes, 1931, and said:

" * * * If Chapter 73 Session Laws 1931 [Revision Act] means anything, it means that the legislature had as its purpose to adopt and make effective a code of laws to be known as the Revised Statutes of 1931. Its intent was to give force, vitality and effect to every section of the revision by legislative enactment."

1957 Amendment.

■ Plaintiff's principal argument resides in the contention that the right of the representative of the deceased spouse to elect to take against a will [1] was not embraced by the words of the title, which read:

"AN ACT to amend and re-enact Section 6–301, Wyoming Compiled Statutes, 1945, pertaining to the rights of a surviving husband or wife to take a statutory portion of the estate of the deceased spouse in lieu of provisions made in the will and outlining the procedures and requirements in connection therewith, and providing for an effective date." C. 204, S.L. of Wyoming, 1957.

---

1. " * * * if the surviving spouse shall die * * * within six (6) months after such will is admitted to probate or before the probate judge has advised him or her of the right and consequence of election as herein required, then the same must be explained to the personal representative * * * of the estate of the deceased * * * who shall have the same right of election as the surviving spouse would have had if living * * *, and shall make such election in writing within thirty (30) days after receiving the explanation and consequence of such election from the probate judge." § 2–47, W.S.1957.

Defendant on the other hand insists that the provisions by which the personal representative of the estate of a deceased person makes an election are germane, congruous, and related directly to the general subject matter of the Act. Both contentions have some merit. There is no substantial difference between the general subject matter of the Act, as appeared in the 1931 statutes, and the title of the amendment since both related to the rights of a surviving husband or wife to take the statutory portion of the estate in lieu of the provisions of the will. The question therefore becomes one of how germane the new provisions were to the previous Act. This must be determined in the light of the constitutional provision:

"No bill, except general appropriation bills and bills for the codification and general revision of the laws, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject is embraced in any act which is not expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." Art. 3, § 24, Wyo.Const.

The words contained therein are not rigid or inflexible but must be subject to interpretation in the light of all circumstances. This court has found it necessary to discuss the subject on numerous occasions:

"* * * The objections should be grave, and the conflict between the act and the constitution palpable, before the judiciary should disregard or annul a legislative enactment upon the sole ground that it embraces more than one subject, or, when it contains but one subject, on the ground that it is not sufficiently expressed in its title. * *" In re Board of Com'rs of Johnson County, 4 Wyo. 133, 32 P. 850, 851.

"* * * The constitutional provision must be reasonably construed, for a narrow construction would impede legislation to such a degree that none but a precisian could successfully draft a valid enactment. * * *" In re Boulter, 5 Wyo. 329, 40 P. 520, 523.

"* * * The object of this provision is well understood. It was to prevent surprise or fraud in legislation by means of provisions in bills of which the titles gave no intimation. * * *" Board of Com'rs of Laramie County v. Stone, 7 Wyo. 280, 51 P. 605, 607.

"* * * A reference in the title of the amending act to the section or sections of the statute to be amended by number accurately indicates the general subject of the legislation to be affected by the amendment, and is not in violation of the foregoing constitutional provision, if the new matters contained in the amended section are germane to the subject of the original sections. [Citing authorities.] If not germane, then of course the title could not be said to clearly indicate the subject of legislation * * *." State v. Tobin, 31 Wyo. 355, 226 P. 681, 683.

These pronouncements cannot be lightly rejected. They related to situations which although not identical to the one before us presented matters similar enough so that the results are compelling. Nothing therein contained would constitute precedent for holding the 1957 amendment to be unconstitutional because of failure to comply with the statute concerning its title. Plaintiff places considerable emphasis on Carter v. Thompson Realty Co., 58 Wyo. 279, 131 P.2d 297, 299, wherein it was said:

"* * * in ascertaining the legislative intent in enacting a statute * * * the court whose duty it becomes to construe it must look to the mischief the act was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law and all other prior and contemporaneous facts and circumstances that would enable the court intelligently to determine the intention of the lawmaking body. * * *"

Such statement emphasizes the importance of adherence to the principle previously an-

nounced regarding the requirements of the constitutional provision.

 Bearing in mind the view which this court has taken concerning the purpose of Art. 3, § 24, Wyo.Const., and the interpretation which should be placed upon it, we would be reluctant to say that the 1957 amendment was void as being violative of the constitutional directive. The problem in last analysis perhaps depends upon the interpretation of words. It is true that there was not a literal compliance with the wording of the constitution where it states that the subject of an Act "shall be clearly expressed in its title"; nevertheless, as we have seen, a literal interpretation is not proper. Applying the principle enunciated in our previous holdings, we must scrutinize the amending Act to see whether there is a common tie between the provisions permitting the object and purpose of the law which it seeks to amend or whether it introduces new subject matter not within the purview of existing legislation. Here we think no new subject matter was introduced. There was no reasonable ground by which any legislator or other person could claim surprise or fraud. It was merely an extension of a principle long since passed by the legislature and ratified in revision.

Initially, the statute provided that any person of full age and sound mind could dispose of all of his property except what was sufficient to pay his debts or to be allowed the surviving spouse and family. Plaintiff says that the questioned amendment dealt with descent and distribution rather than the right to make a will, but this presents a matter about which minds may reasonably differ. The exceptions which were at first restricted principally to the surviving spouse and family were enlarged by later amendments until the present variation. Although plaintiff's contention that the amendments related to descent and distribution is logical, it is not exclusive and does not rule out the apparent intention of the legislature to consider the exception to the right to make a will as a part of one subject. Much argument is directed toward the fact that under the most recent amendment a person making the election is not the surviving spouse and that any election is not made for his benefit. In that connection, it is urged that this court has said in Wambeke v. Hopkin, Wyo., 372 P.2d 470, 474, that a dead person cannot have anything; that the right given by the statute is given to a complete stranger, not to the survivor, so that the policy and object of the statute were entirely changed; and that since the statute does not specify for whose benefit the election is to be made it is so vague and uncertain as to be void. We do not depreciate the merit of counsel's argument in thus viewing the matter literally, but we think such a view should not override the action of the legislature in dealing with the problem in a manner which was also reasonable.

From what has been said, it follows that the trial court erred in holding the various amendments to be unconstitutional. Although defendant had filed no cross-motion for a summary judgment, the court would have been justified in rendering judgment against the moving party in view of the status of the law in the case. Local 33, International Hod Carriers Building and Common Laborers' Union of America v. Mason Tenders District Council of Greater New York, 2 Cir., 291 F.2d 496, 505; American Auto Ins. Co. v. Indemnity Ins. Co. of North America, E.D.Pa., 108 F. Supp. 221, afm'd 3 Cir., 228 F.2d 622; and see 3 Barron and Holtzoff, Federal Practice and Procedure, p. 178 (1958).

The judgment is reversed, and the trial court is instructed to enter judgment for defendant.