Eugene P. SMITH et al., Plaintiffs,

v.

Governor Clifford P. HANSEN, Secretary of State Thyra Thomson, State Auditor Minnie Mitchell, State Treasurer Everett Copenhaver, State Superintendent of Public Instruction Cecil Shaw, as individuals, and as the Wyoming Liquor Commission and Carl Harms, Director of the Wyoming Liquor Commission, Defendants.

No. 3190

Supreme Court of Wyoming.

Oct. 28, 1963.

Roncalio, Graves & Smyth, John R. Smyth, Charles E. Graves, Paul B. Godfrey, Cheyenne, for plaintiffs.

John F. Raper, Atty. Gen., Cheyenne, for defendants.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Suit was brought by several beer wholesalers in Wyoming against members of the Wyoming Liquor Commission and its director, Carl Harms, seeking to enjoin the collection of an additional four cents per gallon in excise taxes on malt liquors.

The provisions of Ch. 194, § 3(a), S.L. of Wyoming, 1963, purport to increase this tax from two cents per gallon to six cents per gallon. Plaintiffs claim the section is unconstitutional insofar as the increase in tax on malt liquors is concerned. The authority of the legislature to make an increase is not questioned, but procedures by which the increase was accomplished are challenged. The district court made a proper determination of facts and reserved to us the question as to whether Ch. 194 is unconstitutional on its face or in its passage.

The Governor chose to allow this act to become law without his veto or approval, saying he felt its provisions as a whole are desirable but there is some question as to the constitutionality of the enactment. Actually, the parties who now challenge its constitutionality assert some nine different violations of constitutional provisions in connection with the passage of this bill, which originated as S.F.No.103 and was enacted as Enrolled Act No. 73, Senate.

Some of the contentions we think are obviously without merit, and it will not be necessary for us to review them all. We do find, however, that a serious question is presented in the claim that Art. 3, § 24, Wyoming Constitution, was violated. It provides:

Section 24. "No bill * * * shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject is embraced in any act which is not expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

In this case, S.F.No.103 originated and was introduced with the following title:

"AN ACT to amend and re-enact Section 12–5, Wyoming Statutes, 1957, relating to the excise tax on alcoholic liquors and the possession of untaxed intoxicating liquors by holders of liquor licenses or permits so as to prohibit the importation or transportation into or within the State of Wyoming of untaxed intoxicating liquors by any person; and providing for enforcement thereof and a penalty for violation thereof."

This title seems to do three things. (1) It reminds the reader that § 12–5, W.S.1957, relates to the excise tax on alcoholic liquors and the possession of untaxed intoxicating liquors by holders of liquor licenses or permits; (2) it advises that the purpose of the bill is to amend and re-enact § 12–5 "so as to prohibit" the importation or transportation into the state of untaxed intoxicating liquors; and (3) it advises that enforcement and a penalty for violation are provided for.

Section 20 of Art. 3, Wyoming Constitution, prohibits the legislature from al-

tering or amending a bill, during the process of passage, in such a manner as to change its original purpose, and it is apparent the original purpose in this instance was to prohibit certain importations and to provide for enforcement.

We find nothing in the title or in the body of the original bill which would indicate an intention to increase the excise tax on malt liquors. That objective was added by amendment during the course of passage. Also, another objective—that of providing for identification cards—was added by amendment during passage in the legislature.

With the addition of these two new objectives in the legislation, the title was amended to read thusly:

"AN ACT providing for a Wyoming liquor purchase identification card for persons who have passed their twenty-first (21st) birthday and prescribing a penalty for false statements in procuring the identification card; to amend and re-enact Section 12–5, Wyoming Statutes, 1957, relating to the excise tax on alcoholic liquors and the possession of untaxed intoxicating liquors by the holders of liquor licenses or permits so as to prohibit the importation or transportation into or within the State of Wyoming of untaxed intoxicating liquors by any person; and providing for enforcement thereof and a penalty for violation thereof."

The amended title therefore expressed a purpose pertaining to identification cards, but it still did not express a purpose to increase the excise tax on malt liquors. Even if we accepted, which we do not pretend to do, the argument of the attorney general that the addition of the two new objectives failed to change the "original purpose" of the bill, we would still be confronted with two prohibitions in Art. 3, § 24.

Not only is the legislature prohibited by that section from passing a bill "containing more than one subject," but it is also necessary for that subject to be "clearly expressed in its title." Here, the purpose of amending § 12–5 is expressed, but the trouble with the expression is that it is limited to a purpose of amending in a certain respect only.

■ Generally speaking, if the matter contained in an amendatory or supplementary act is germane to the original act, a reference in the title to the section of the statute to be amended or supplemented accurately indicates the general subject of the legislation and is not in violation of the constitutional provision requiring a clear expression of such subject. Morrow v. Diefenderfer, Wyo., 384 P.2d 601, 603; State v. Tobin, 31 Wyo. 355, 226 P. 681, 683; Board of Com'rs. of Laramie County v. Stone, 7 Wyo. 280, 51 P. 605, 607.

■ Also, it has been held that such a reference, although not specifying the nature of the amendment, is adequate, where the subject matter of the actual amendment is "germane" to that of the provision amended—the theory being that the reader of the bill will get enough information by looking at the earlier law and the caption of the amendatory bill. Dickison v. City of San Antonio, Tex.Civ.App., 349 S.W.2d 640, 643; Hammond v. Bingham, 83 Idaho 314, 362 P.2d 1078, 1082; Thompson v. Commercial Credit Equipment Corporation, 169 Neb. 377, 99 N.W.2d 761, 769; Berry v. Koehler, 84 Idaho 170, 369 P.2d 1010, 1017. See also English v. Smith, 71 Wyo. 1, 253 P.2d 857, 866, rehearing denied 71 Wyo. 28, 257 P.2d 365; and State v. Pelosi, 68 Ariz. 51, 199 P.2d 125, 134–135.

This general rule has no application, however, when the nature of the amendment actually is specified and the title of the bill indicates that a particular change in the original act is proposed. As for example, in both the original title and amended title of S.F.No.103, the title specifies that § 12–5 is to be amended "so as to prohibit" certain acts. It does not indicate § 12–5 is to be amended in any other respect.

The attorney general's office shows us no reason to believe and no authority for the proposition that this limited purpose of amending, "so as to prohibit" the forbid-

den acts, could be construed to include all subject matters germane to the original act. It does, however, place reliance upon what was said in the Board of Com'rs v. Stone case, supra, at 51 P. 607. In that case an attempt was made in the title to state the effect, or part of the effect, of the amendatory act, but the court found the statement to be entirely meaningless and therefore pronounced it harmless and of no effect. We fail to find any support in the Stone case for defendants' position, and we know of no other reliable authority therefor.

■ On the other hand, we consider the following cases authority for holding that when a title particularizes the changes which are to be made in an amendatory act, the legislation is limited to matters specified, and anything beyond this limitation would be void regardless of how germane it might be to the subject of the original act:

Hammond v. Bingham, supra, at 362 P. 2d 1082; County of Hillsborough v. Price, Fla.App., 149 So.2d 912, 915; Thompson v. Commercial Credit Equipment Corporation, supra, at 99 N.W.2d 769; Armistead v. Karsch, 192 Tenn. 137, 237 S.W.2d 960, 962; Praetorians v. State, Tex.Civ.App., 184 S.W.2d 299, 300, affirmed 143 Tex. 565, 186 S.W.2d 973, 158 A.L.R. 596; State ex rel. Morford v. Emerson, 1 Terry 233, 40 Del. 233, 8 A.2d 154, 158–160; Hays v. Federal Chemical Co., 151 Tenn. 169, 268 S.W. 883, 884; People ex rel. Corscadden v. Howe, 88 App.Div. 617, 84 N.Y.S. 604, affirmed 177 N.Y. 499, 69 N.E. 1114, 1116, 66 L.R.A. 664; State v. Schultz Gas-Fixture & Art-Metal Co., 83 Md. 58, 34 A. 243, 244; Davey v. Ruffell, 162 Pa. 443, 29 A. 894, 896; Niles v. Schoolcraft Circuit Judge, 102 Mich. 328, 60 N.W. 771, 773; Johnson v. Jones, 87 Ga. 85, 13 S.E. 261, 262. See also Jacobs v. Klawans, 225 Md. 147, 169 A.2d 677, 680; and Troutman v. Crippen, 186 Tenn. 459, 212 S.W.2d 33, 35.

The Supreme Court of Nebraska, in an earlier case and again in the Thompson v. Commercial Credit Equipment Corporation case cited above, at 99 N.W.2d 769, approved language now found in 1 Cooley, Constitutional Limitations, p. 310 (8th Ed.), to the effect that since the legislature may make the title to an act as restrictive as it pleases, it is obvious that it may sometimes so frame a title as to preclude matters which might with entire propriety have been embraced, but which must now be excluded because the title is unnecessarily restrictive and the courts cannot enlarge the scope of the title.

The conclusion in Nebraska has been that an act is unconstitutional and void if the title is not broad enough to include the subject matter of legislation. In other words, as stated in 1 Sutherland, Statutory Construction, § 1908, p. 349 (3d Ed.), while a title need not set out the nature of the changes made, if it does, the body of the amendatory act may not contain any other matter, however germane it may be to the subject of the original act as a whole.

Sutherland, on the same page, further points out that if a narrow title is selected, the amendment should not go beyond its scope. Otherwise, the function of the title is defeated.

■ In the recent case of Morrow v. Diefenderfer, supra, at 384 P.2d 603, Chief Justice Parker re-emphasized an earlier pronouncement to the effect that the object of Art. 3, § 24, is to prevent surprise or fraud in legislation, caused by provisions in a bill of which the title gives no intimation. Also, an opinion written by former Chief Justice Blume for In re West Highway Sanitary and Improvement District, 77 Wyo. 384, 317 P.2d 495, 500, makes it clear that the title to a bill should not be misleading or give rise to surprise or deception, and if a title is specific, it is not entitled to the liberal interpretation which would prevail otherwise.

Not only does the title, in the case at bar, fail to indicate that the amount of excise tax on malt liquors is to be changed, but it clearly conveys the impression that § 12–5 is being amended in one respect only, i. e. "so as to prohibit" the importation or transportation of untaxed intoxicating liquors.

The title is therefore misleading and gives rise to surprise. It follows then that those provisions which are beyond the subject, as expressed in the title, must be held to be inoperative, since the general public would not be put upon notice of the contents of the act from a reading of the title. See County of Hillsborough v. Price, Fla.App., 149 So.2d 912, 915.

Aside from the fact that the bill as passed contains provisions beyond the subject expressed in its title, it also appears that both the title and the body of the act itself embrace two distinct objects, namely: (1) that of providing for a liquor purchase identification card; and (2) that of amending § 12–5, W.S.1957. This contravenes Art. 3, § 24, of the constitution which says a bill shall embrace but one subject.

In view of this apparent situation, we have no alternative but to declare Ch. 194, S.L. of Wyoming, 1963, unconstitutional and void in toto because of the manifest impossibility of the court choosing between the two objectives and holding the act valid as to one and void as to the other. See Power, Inc. v. Huntley, 39 Wash.2d 191, 235 P.2d 173, 178–179.

The answer to the district court is therefore that Ch. 194 is unconstitutional for the reasons herein set forth.

Mr. Justice HARNSBERGER concurring in the result only.

I am able to concur only in the result. The majority opinion finds the title of the act does not indicate an intention to increase the excise tax on malt liquors.

It is true the title says nothing about increasing the excise tax, but it was sufficient that the title clearly expressed the intention to amend and re-enact § 12–5, W.S. 1957, relating to the excise tax on alcoholic liquors. It was immaterial whether the bill would increase, decrease, or even abolish the tax altogether.

More importantly, however, the finding there was nothing in the title indicating an intention to deal with the excise tax on *malt liquors,* is subject to challenge.

Section 12–2, W.S.1957, defines alcoholic liquor as meaning spirituous or fermented fluid intended for beverage purposes containing more than four percentum of alcohol by volume, and malt beverage to mean any fluid manufactured from malt wholly or in part or from any substitute therefor containing more than one percentum of alcohol by volume. It also provides that the words "intoxicating liquor," "alcoholic liquor," "alcoholic beverage," and "spirituous liquor" shall be construed as synonymous in meaning and definition. Thus, malt liquors are so defined as to make them alcoholic liquors. As such they are to be construed synonymously with intoxicating liquor, alcoholic beverage, and spirituous liquor. It must follow that the act, both as originally titled and as amended by using the words, "relating to the excise tax on *alcoholic liquors* and the possession of untaxed *intoxicating liquors,* by holders of liquor licenses or *permits* so as to prohibit the importation or transportation into or within the State of Wyoming of untaxed intoxicating liquors by any person; and providing for enforcement thereof and a penalty for violation thereof," directly and clearly referred to the excise taxing of malt liquors as well as the excise taxing of wine, brandy, whisky, gin, rum, or other liquids and components containing more than four percentum of alcohol by volume.

It cannot, therefore, be said that the title of the original or amendatory act failed to clearly express the subject of the bill dealing with an increase in the excise tax on malt liquors. Furthermore, the reference in the original title as well as its amendment to § 12–5, which expressly deals with the imposition of an excise tax on malt liquors, was a sufficient compliance with Art. 3, § 24, of the Wyoming Constitution insofar as amendment of the excise tax on malt liquor was concerned.

It must, however, be acknowledged that the addition of the identification card matter, both in the title and in the body of the bill, injected a subject foreign to excise taxation and, therefore, was in violation of Art.

3, § 24 of the Wyoming Constitution. As pointed out in Bell v. Gray, Wyo., 377 P.2d 924, 926, "a law void in part is not necessarily void as a whole and whether a legislative act should be declared unconstitutional as a whole when a portion thereof is invalid depends primarily upon the intention of the legislature." In this case the legislative history of the act gives such strong indication that neither the excise tax portion nor the identification card part would have been enacted without the other, that it is beyond judicial province to strike down the unconstitutional and leave standing the constitutional. Therefore, the entire act must be held void.