Larry D. ANTHONY et al., Appellants,

v.

Carl R. CARTER and William V. Mallozzi, Appellees.

Supreme Court of Tennessee.

Sept. 7, 1976.

158

William C. Koch, Jr., Asst. Atty. Gen., Nashville, for appellants; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

Frierson M. Graves, Jr., Michael F. Pleasants, Memphis, for appellees; Heiskell, Donelson, Adams, Williams & Kirsch, Memphis, of counsel.

## OPINION

BROCK, Justice.

This is a direct appeal from a decision of the Circuit Court for Shelby County, Division II, holding that portions of the Tennessee Obscenity Act, T.C.A. §§ 39–3010 et seq., relating to search and seizure are unconstitutional and that the search warrants employed in this case were general warrants prohibited by the Fourth Amendment to the U.S. Constitution. We affirm the judgment of the Circuit Court.

The appellees in this case are connected with a commercial operation which distributes magazines and movie films which the State contends are legally obscene. On April 1, 1975, the Criminal Court of Shelby County issued two search warrants authorizing the search of premises at two locations and certain automobiles in which the alleged obscene material was being stored or from which it was being distributed. The record contains copies of an "Affidavit for Probable Cause," signed by appellant Larry D. Anthony, in which the affiant summarizes information received from an

informant who was formerly employed by appellees. This information generally describes the materials in the buildings as magazines and films "depicting sexual conduct and ultimate sexual acts." It also describes the method of distribution used by the appellees and describes an eyewitness account of the filming of an obscene motion picture in Memphis.

The warrants were executed on April 1, 1975. They authorized law enforcement personnel to search the premises and seize the following property:

"books and records of Carl R. Carter pertaining to interstate and intrastate shipment of adult films; 8 mm and 16 mm adult films depicting sexual activity; and magazines depicting sexual activity in violation of Tennessee Code Annotated, Sections 39–3010, et seq."

The statutory authority for such a warrant is T.C.A. § 39–3016 which purports to authorize law enforcement officers to "take into custody one (1) example of each piece of matter which is obscene in the opinion of the district attorney general or his designated representative." T.C.A. § 39–3016(A).[1] It is this portion of the obscenity statute which the court below held to be unconstitutional.

Upon execution of the warrants, the officers seized "about 40 or 50" movie films and a large quantity of business records pertaining to shipment of the films by appellees to "adult" theaters. The contention of the State that the two locations contained a total of about 300 films is apparently uncontested by appellees. There is no evidence in the record whether or not any of the remaining films were duplicates of each other or duplicates of those seized. The seizure also included two 16 mm movie projectors and a briefcase which, among other things, contained the personal checkbook of one of the appellees.

On April 14, 1975, the appellees filed a motion in the Circuit Court seeking a return of the items seized, as authorized by T.C.A. § 39–3016(B). On April 21, 1975, the court ordered the immediate return of the two projectors and the briefcase and checkbook; all other materials remained in the State's custody.

The court then held a hearing on the motion and determined that (1) the search warrants were constitutionally invalid "general warrants" and that (2) the above-mentioned portion of 39–3016(A), which allows the district attorney general or his representative "the power to make an on-the-spot determination whether or not material is obscene," and, therefore, subject to seizure, was unconstitutional. The court then ordered the return of all items seized in the April 1 action.

On July 8, 1975, upon appellants' motion, Mr. Chief Justice Fones issued a writ of supersedeas to stay the Circuit Court's or-

1. "39–3016. Search warrant—Seized material retained by district attorney general—Hearing. —(A) Upon a showing of probable cause that the obscenity laws of this state are being violated, any judge or magistrate shall be empowered to issue a search warrant in accordance with the general law pertaining to searches and seizures in this state which warrant shall authorize or designate a law enforcement officer to enter upon the premises where alleged violations of the obscenity laws are being carried on and take into custody one (1) example of each piece of matter which is obscene in the opinion of the district attorney general or his designated representative. Return on the search shall be in the manner prescribed generally for searches and seizures in the state of Tennessee, except that matter that is seized shall be retained by the district attorney general to be used as evidence in any legal proceeding in which said matter is in issue or involved.

"(B) When a search and seizure takes place in accordance with this section, any person aggrieved by said search and seizure or claiming ownership of the matter seized, may file a motion in writing with a court of record in the jurisdiction in which the search and seizure took place, contesting the legality of the search and seizure and/or the fact of the obscenity of the matter seized. Said court shall set a hearing within one (1) day after the request therefor, or at such time as the requesting party might agree. In the event the court finds that the search and seizure was illegal or if the court or any other court of competent jurisdiction shall determine that the matter is not obscene, said matter shall be forthwith returned to the person and to the place from which it was taken."

der pending outcome of this appeal. The seized materials thus remain in the custody of the district attorney general.

The Circuit Court, in holding the above quoted portion of 39–3016(A) to be unconstitutional, relied upon *Marcus v. Search Warrant,* 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961) and *A Quantity of Copies of Books v. Kansas,* 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964).

The *Marcus* case involved a wholesale distributor of allegedly pornographic books and magazines. A police lieutenant visited the defendant as part of a vice squad investigation and determined that he distributed certain specified publications. Upon this information, a warrant was issued authorizing officers to seize obscene materials. A search and seizure followed that netted 11,-000 copies of 280 publications, only 100 of which were later found to be legally obscene. The Supreme Court held this action to be unconstitutional, saying:

". . . the warrants issued on the strength of the conclusory assertions of a single police officer, without any scrutiny by the judge of any materials considered by the complainant to be obscene. The warrants gave the broadest discretion to the executing officers; *they* merely repeated the language of the statute and the complaints, *specified no publications, and left to the individual judgment of each of the many police officers involved the selection of such magazines as in his view constituted 'obscene * * * publications.'*

\*     \*     \*     \*     \*     \*

"They were provided with no guide to the exercise of informed discretion, because there was no step in the procedure before seizure designed to focus searchingly on the question of obscenity." 81 S.Ct. at 1716. (Emphasis added.)

The *Marcus* decision was following in *A Quantity of Copies of Books v. Kansas,* which also involved a "massive" seizure of publications designed to permanently restrain their distribution. See also *Lee Art Theatre v. Virginia,* 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968).

■ It is too well settled to require citation of authority that the Fourth Amendment requires that an impartial magistrate, rather than the prosecutor or a police officer, make the determination, not only whether or not a warrant shall issue, but also the specification of the articles to be seized and the place to be searched. Clearly, then, T.C.A. § 39–3016(A), insofar as it purports to authorize police officers to seize such articles as are obscene in the opinion of the attorney general or his designated representative violates the Fourth Amendment and is void.

■ Likewise, the warrants in this case in describing the articles to be seized use language markedly lacking in the specificity required by the Fourth Amendment mandate that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Since the Supreme Court's 1965 decision in *Stanford v. Texas,* 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431, it is clear that more specificity is required when the object of the seizure involves the First Amendment. As the Court said in *Stanford:*

"In short, what this history indispensably teaches is that the constitutional requirement that warrants must particularly describe the 'things to be seized' is to be accorded the most scrupulous exactitude when the 'things' are books, and the basis for their seizure is the ideas which they contain. (Citing *Marcus v. Search Warrant, supra,* and *A Quantity of Copies of Books v. Kansas, supra.*) No less a standard could be faithful to First Amendment freedoms.

\*     \*     \*     \*     \*     \*

" 'The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer

executing the warrant.' " 85 S.Ct. at 511–512.

We, therefore, hold that the warrants in this case were unconstitutional general warrants and that the portion of T.C.A. § 39–3016(A) reading "in the opinion of the district attorney general or his designated representative" is unconstitutional under the authorities previously cited. Furthermore, the statute, the warrants and the seizures also violate Article 1, Sec. 7, Constitution of Tennessee, in the same particulars as above discussed with reference to the Fourth Amendment.[2] However, we think the doctrine of elision can be applied in this instance to strike only the phrase quoted above in order to preserve the continuity of the statute and spare it from constitutional infirmity. See *Armistead v. Karsch,* 192 Tenn. 137, 237 S.W.2d 960 (1951). Both parties agree in their briefs to the elision. The judgment of the Circuit Court is affirmed. Appellants will pay the costs on appeal.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.

---

2. Article 1, Sec. 7, Constitution of Tennessee, provides:

"That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offenses are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted."