**CITICORP FINANCIAL SERVICES CORPORATION,
Plaintiff-Appellant,**

v.

**William C. ADAMS, Commissioner of Financial Institutions, and William M. Leech, Jr., Attorney General of Tennessee, Defendants-Appellees.**

Supreme Court of Tennessee,
at Nashville.

July 16, 1984.

Rehearing Overruled Aug. 20, 1984.

**706**

Val Sanford, Todd J. Campbell, Nashville, for plaintiff-appellant.

James L. Beckner, M. Edward Owens, Jr., Nashville, amicus curiae, for Tennessee Bankers Association—Independent Bankers Div.

Jim G. Creecy, Deputy Atty. Gen., Karen Neal, Kate Eyler, Andy D. Bennett, Asst. Attys. Gen., for defendants-appellees; William M. Leech, Jr., Atty. Gen., of counsel.

## OPINION

HARBISON, Justice.

Appellant filed this action for declaratory judgment, attacking the constitutionality of Tennessee Public Acts 1984, Chapter 513. The Chancellor upheld the statute. Several questions were raised in the trial court, but only three issues have been presented on appeal, two of them under the state constitution and one under the Constitution of the United States.

After careful consideration, we are of the opinion that the judgment of the Chancellor was correct, and it is accordingly affirmed.

Appellant is a subsidiary of a Missouri corporation which in turn is a subsidiary of a New York bank holding company. Appellant was chartered in July 1983 as an industrial loan and thrift company. Pursuant to provisions of Tennessee Public Acts 1983, Chapter 274, appellant was permitted to convert to an industrial bank. Shortly after it had done so, the legislation in question, Tennessee Public Acts 1984, Chapter 513, was enacted. It has the effect of repealing certain portions of the 1983 legislation and of no longer permitting industrial banks to operate in this state. Under the 1984 statute, existing industrial banks are required to convert to industrial investment companies or to liquidate; no new industrial banks are permitted to be created, nor are industrial loan and thrift companies or industrial investment companies permitted in the future to convert to industrial banks.

Appellant has made no challenge to the underlying 1983 legislation. Likewise, it concedes the authority of the General Assembly to prohibit the operation of industrial banks within the state. Its challenges to the 1984 statute, however, are based upon the form and method by which the General Assembly undertook to exercise that authority.

There is no dispute concerning the material facts. For practical purposes, they were conceded in the pleadings. In order to place the issues in context, however, some discussion of the 1983 legislation and the factual background is appropriate.

## I. *Factual Background*

Industrial loan and thrift companies have operated in Tennessee for many years. They were first regulated by statute in 1951. The controlling statutes were substantially rewritten in 1979 and were further revised in 1983. They are now contained in T.C.A. §§ 45–5–101 through 45–5–611.

Prior to the 1983 statute there was little provision for supervision of the financial soundness of such companies, nor was government insurance available for certificates issued by these institutions.

In 1982, federal legislation made available insurance by the Federal Deposit Insurance Corporation to industrial banks and similar institutions if they operated under state laws requiring examination, supervision and liquidation comparable to those applicable to state banks. Pub.L. 97–320, § 703, 96 Stat. 1538–1539.

Tennessee Public Acts 1983, Chapter 274 was enacted in response to this federal legislation. The state statute was also influenced and affected by the reorganization and threatened bankruptcy of a large industrial loan and thrift company in East Tennessee.

The 1983 statute provided for the creation and regulation of three categories of financial institutions: industrial loan and thrift companies, industrial investment companies, and industrial banks. The first of these were not authorized to issue certificates to investors. Industrial investment companies were permitted to issue uninsured investment certificates. However, these were subject to the Tennessee securities statutes, and the companies were required to be examined, supervised and liquidated in the same manner as state banks. Industrial banks were authorized to issue thrift certificates. They were to be regulated as industrial loan and thrift companies, but subject to examination, supervision and liquidation as state banks. Their certificates were not subject to the state securities regulations but were eligible for federal deposit insurance.

The 1983 legislation authorized existing industrial loan and thrift companies to convert to industrial banks or to industrial investment companies under specified conditions. *See* T.C.A. § 45–5–608.

In addition, the legislation contained provisions, now codified at T.C.A. § 45–5–609, permitting any industrial loan and thrift company which had in fact converted into an industrial bank to then merge into a state bank under very limited and restricted criteria. These are specified in T.C.A. §§ 45–5–609(a)(1), (2), and (3).

These conditions for merger with a state bank required that the industrial loan and thrift company have been created prior to 1930, to have continuously had offices in four or more counties, to have been continuously registered with the State since the first enactment of statutes regulating the industrial loan and thrift industry, and to suffer impaired capital or otherwise be in unsound condition as evidenced by pending reorganization or similar proceedings.

It is obvious from the record, and is agreed by the parties, that these provisions dealt with the local financial crisis and a particular industrial loan and thrift company. As previously stated, however, there has been no challenge to the constitutionality of any of the provisions of the 1983 legislation.

It was pursuant to the 1983 legislation that appellant was first chartered as an industrial loan and thrift company and then converted to an industrial bank. The Ten-

nessee institution which was the only company meeting the criteria of T.C.A. § 45–5–609(a) was Southern Industrial Banking Corporation, an existing industrial loan and thrift company. It also converted to an industrial bank and then merged into a state bank, in accordance with other provisions of T.C.A. § 45–5–609. This merger was accomplished by January, 1984, and thereafter Southern Industrial Banking Corporation ceased to exist. It was not in existence or operating at the time of the introduction into the General Assembly, in February 1984, of the legislation which was ultimately enacted as Tennessee Public Acts 1984, Chapter 513. The legislative debates indicate that these facts were known to the members of the General Assembly.

Except for any institution which might fall within T.C.A. § 45–5–609(a), the 1984 legislation had the effect of abolishing industrial banks in this state and prohibiting their operation. The General Assembly, however, apparently apprehensive that this action might have an adverse impact upon former holders of certificates in the now merged Southern Industrial Banking Corporation, attempted in the 1984 statute to carve out an exception for the benefit of that institution and its certificate holders. It purported to permit companies meeting the requirements of T.C.A. § 45–5–609(a)(1) and (2) to continue to operate as industrial banks, while prohibiting the creation of any others and requiring all other existing industrial banks to be liquidated and dissolved or converted to industrial investment companies.[1] The 1984 legislation also contained a recital that ownership of industrial banks by non-Tennessee holding companies or other non-Tennessee corporations was not beneficial to the people and economy of the State and would result in a drain of capital therefrom. Accordingly, the statute required any industrial banks owned by foreign corporations not having their principal place of business in Tennes-

see to be dissolved, converted to industrial investment companies, or divested.

## II. *The Issues on Appeal*

Appellant challenges the caption of the 1984 statute under the provisions of the Tennessee Constitution, Article II, § 17. It also challenges the attempted classification, or the exception, contained in the statute with respect to Southern Industrial Banking Corporation, under the provisions of Tenn. Const. Art. XI, § 8. Finally, it challenges the alleged discrimination between in-state and out-of-state industrial banks as violating the Commerce Clause of the United States Constitution, Article I, § 8.

### 1. *The Caption*

The caption of Chapter 513 is as follows:

"AN ACT to prohibit certain industrial banks and to require the liquidation or diversiture [sic] of certain industrial banks."

Tenn. Const. Art. II, § 17 deals with the origin and framing of legislation. It prohibits the enactment of a law which embraces "more than one subject, that subject to be expressed in the title."

It is the insistence of appellants that the body of the 1984 legislation is broader than the caption, since the caption refers to "certain" industrial banks, while the body of the act concededly has the effect of abolishing all industrial banks.

All industrial banks are effectively prohibited by the 1984 legislation by reason of facts extraneous to the text. Section 1 of the statute initially provides:

"No industrial bank shall be created nor any industrial loan and thrift company or industrial investment company converted to an industrial bank pursuant to Tennessee Code Annotated, Section 45–608, or pursuant to any other provisions of law ...."

The statute then contains the following exception or proviso:

---

**1.** Further, the General Assembly provided in Section 5 that the statute should not be construed to affect the rights and powers of an

industrial bank meeting the criteria of T.C.A. § 45–5–609 or of "a state bank resulting from a merger...."

"... unless such industrial bank, industrial loan and thrift company or industrial investment company satisfies the conditions set forth in Tennessee Code Annotated, Section 45-5-609(a)(1) and (2)."

Section 2 requires liquidation and dissolution of all existing industrial banks or their conversion to industrial investment companies except those meeting the criteria of T.C.A. § 45-5-609.

The only institution which ever could satisfy the criteria referred to was Southern Industrial Banking Corporation. That corporation, as previously stated, no longer existed. The proviso, therefore, was meaningless and ineffective from a practical standpoint. It could not operate when enacted and can never operate upon any other institution. Consequently, there is effectively a total prohibition of industrial banks, rather than regulation or prohibition of only "certain" industrial banks, according to the argument of appellant.

■ Like the Chancellor, however, we do not find this contention persuasive with respect to the caption. As stated previously, the provisions of Article II, Section 17, have to do with the framing and enactment of legislation, not with the ultimate legal effect thereof. Technical and narrow construction of a caption is not favored. *Chattanooga-Hamilton County Hospital Authority v. City of Chattanooga*, 580 S.W.2d 322, 326 (Tenn.1979).

■ Upon its face, the body of the legislation does not purport to prohibit all industrial banks. It purports to exclude those meeting the requirements of T.C.A. § 45-5-609. Nor does it purport to require liquidation or divestiture of all such banks. As previously stated, it excepts those meeting the criteria above mentioned and also purports to require divestiture only of such banks held by foreign bank holding companies or other foreign corporations.

While, as hereinafter indicated, we find it necessary and appropriate to elide certain provisions of the 1984 statute for other reasons, we do not find that the body of the act as drawn and enacted is broader than the caption for purposes of Article II, Section 17. The caption gives adequate notice of the proposed legislation, and the subject matter of the body is germane to that expressed in the title.

*2. Issues under Article XI, Section 8*

The Tennessee Constitution, Article XI, Section 8, prohibits the General Assembly from suspending a general law for the benefit of a particular individual and from passing any law for the benefit of individuals inconsistent with general law. It also prohibits the passage of laws granting rights, privileges, immunities or exemptions to any individual or individuals unless by the same law these are extended to any member of the community who may be able to come within the provisions of that law. The section also prohibits the increasing or diminution of powers of corporations by special statutes but authorizes the enactment of general laws governing corporations.

■ Appellants attack and appellees defend the reasonableness of the classification attempted in the 1984 legislation with respect to the purported exception therefrom of industrial banks meeting specified portions of T.C.A. § 45-5-609—that is, any institution chartered before 1930 having a certain number of offices and having been continuously registered under the industrial loan and thrift statute.

As previously stated, however, only one institution, Southern Industrial Banking Corporation, ever has or ever could come within this narrow exception. That corporation did not exist at the time the legislation was introduced or enacted. The exception or exemption provisions with respect to it, therefore, are meaningless and without legal effect. Legal issues presented by their inclusion in the statute are entirely hypothetical. In the opinion of the Court, therefore, they should be and they hereby are ordered to be stricken and elided from the 1984 statute, leaving that statute to accomplish the dominant purpose which was clearly intended by the General Assembly—the prohibition of future industri-

al banks and the mandatory conversion or dissolution of existing ones. According to the record, appellant is the only such institution existing in the state, and under the statute, it will be required to be converted to an industrial investment company or liquidated.

The 1984 legislation contains a very specific severability clause in Section 6 as follows:

"If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to that end the provisions of this act are declared to be severable."

The principle of elision or of severing invalid and inoperative portions of legislation in order to preserve its constitutional validity and to carry out the legislative intent is a familiar one in this state, as in most jurisdictions. *See generally, Anthony v. Carter*, 541 S.W.2d 157 (Tenn.1976); 2 *Sutherland Statutory Construction* ch. 44 (C.D. Sands 4th ed. 1973).

While the Legislature is given broad discretion in making classifications under Article XI, Section 8 of the state constitution, we do not deem it necessary here to discuss the reasonableness or the validity of the attempted classification because the record clearly shows that it is not and can never be operative. Even if the General Assembly intended a result which might offend the state constitution, that result was not in fact accomplished by reason of other facts. The inoperative and ineffective language should be stricken and elided from the statute.

### 3. *The Commerce Clause Issue*

The foregoing disposition of the case renders it unnecessary to deal with the alleged discrimination between in-state and out-of-state institutions, claimed to violate the commerce clause of the United States Constitution. Under the statute, after elision of the purported exception, there is a prohibition against the operation of industrial banks by either in-state or out-of-state institutions. There is, therefore, no discrimination and no improper adverse effect upon interstate commerce.

Under these circumstances we do not deem it necessary to discuss the cases cited in the excellent briefs filed by all counsel in the case. The provisions of the statute purporting to deal differently with out-of-state institutions are inoperative except as a general declaration of legislative policy and except for allowing a slightly longer time for divestiture if there is not a liquidation or conversion to an industrial investment company.

It results that all provisions of Chapter 513 purporting to refer to or exempt institutions meeting the provisions of T.C.A. § 45-5-609 are deemed separable and are stricken and deleted, except for the general declaration in Section 5 that the 1984 statute shall not be construed to affect the rights and powers of a state bank resulting from a merger under T.C.A. § 45-5-609. The remainder of the statute is sustained with respect to the issues presented by appellant. The judgment of the Chancellor is affirmed at the cost of appellant, and the cause will be remanded to the Chancery Court for any further proceedings which may be necessary.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.